IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAN WILLIAM STOUT,

    Petitioner,                            No. CIV S-02-1276 FCD JFM P

   vs.

A.K. SCRIBNER, Warden,

    Respondent.                           <u>ORDER</u>

                                          /

          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

          On June 3, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. By order filed July 8, 2005, petitioner was granted a sixty day extension of time in which to file objections. On September 13, 2005, petitioner was granted until October 3, 2005 in which to file objections. On October 13, this court entered an order observing that no objections had been filed and adopting in full the findings and recommendations.

          On October 17, 2005, petitioner filed two documents. First, petitioner sought relief from default and requested an additional thirty days in which to file his objections.

Although that request was dated September 30, 2005, the document itself referenced dates as late as October 4, 2005, and the accompanying proof of service was dated October 13, 2005. The second filing was petitioner's 72 page objections[1] to the findings and recommendations. Although the objections were dated October, 2005 (without a specific date), the accompanying proof of service was dated October 13, 2005. As noted above, petitioner's objections were due October 3, 2005.

Because judgment has been entered, this court construes petitioner's October 17, 2005 request for relief as a request for reconsideration of the denial of his petition for writ of habeas corpus without consideration of his objections. In his request, petitioner alleges his filing was delayed because he was transferred to a different prison, resulting in the deprivation of his legal materials for an extended period. In addition, petitioner was unable to access the law library due to prison lockdowns for a portion of the objection period.

Accordingly, petitioner's motion for reconsideration is well taken, and this court's October 13, 2005 order and the judgment entered thereon will be vacated. Because petitioner has now filed objections, his request for extension to file objections is moot and will be denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's October 17, 2005 request for extension is denied;

2. Petitioner's October 17, 2005 request for reconsideration is granted;

/////

---

[1] Petitioner's objections were served on October 13, 2005, and were therefore untimely by ten days. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner documents are deemed filed as of the date they are delivered to prison officials for mailing).

1     3.  This court's order filed October 13, 2005 and the judgment entered thereon are
2 vacated;
3     4.  The findings and recommendations filed June 3, 2005 are adopted in full;
4     5.  Petitioner's application for a writ of habeas corpus is denied.
5 DATED:October 26, 2005

7     /s/ Frank C. Damrell Jr.
    FRANK C. DAMRELL JR.
8     United States District Judge

3